RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DESIREE ANDREWS                                             06 CV 4224 (LAK)

                        Plaintiff,                            COMPLAINT

      -against-

METROPOLITAN LIFE INSURANCE COMPANY

                        Defendant.
-------------------------------------------------------------------X

        Plaintiff Desiree Andrews, by her attorneys Riemer & Associates LLC, complaining of defendant alleges:

        1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

        2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

        3.     Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the KPMG LLP Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by a policy of insurance issued by MetLife.

8. Plaintiff was employed as Senior Manager at KPMG LLP.

9. As an employee of KPMG LLP, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On January 31, 2001, plaintiff was severely injured in a car accident while performing the duties of her job.

11. Plaintiff has remained totally disabled as a result of her injuries.

12. On February 28, 2002, Plaintiff applied for long term disability from MetLife.

13. By letter dated October 27, 2003, MetLife denied plaintiff's application for long term disability benefits.

14. Andrews timely appealed MetLife's October 27, 2003 denial.

15. MetLife failed to determine Andrews' appeal.

16.     On or about March 3, 2005, plaintiff commenced an action against defendant in the United States District Court, Southern District of New York, under docket number 05 CV 2568 (LAK), seeking long term disability benefits ("Prior Action").

17.     Pursuant to a confidential settlement agreement by and between Andrews and MetLife (the "Settlement Agreement"), the parties settled Andrew's claim up until August 29, 2004, preserving her right to apply for benefits for benefits on and after August 29, 2004.

18.     The Settlement Agreement required MetLife to render its initial determination, and its determination of any administrative appeals, in accordance with the terms of the Plan.

19.     By letter dated February 13, 2006, plaintiff applied for long term disability benefits commencing August 29, 2004.

20.     By letter dated April 14, 2006, plaintiff wrote MetLife informing them that more than 45 days have elapsed since Andrews submitted her application without MetLife rendering a determination or sending Andrews an extension notice as required by Department of Labor Regulation 2560.503-1(i)(3).

21.     In violation of the Department of Labor Regulations, the Settlement Agreement and the Plan, MetLife has never issued a determination and has not responded to plaintiff's February 13, 2006 application or her April 14, 2006 letter.

22.     Pursuant 29 C.F.R. 2560.503-1(l), plaintiff has complied with and exhausted all administrative appeals under the Plan.

COUNT I

23. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66.67% of pre-disability earnings.

24. From August 29, 2004, plaintiff has been totally disabled within the meaning of the Plan.

25. From August 29, 2004, plaintiff has not worked and has had no earnings.

26. By failing to render a determination as to plaintiff's February 13, 2006 application, plaintiff's application is deemed denied by operation of law.

27. Because plaintiff's application is deemed denied, her claim is subject to the Court's de novo standard of review.

28. Upon information and belief, MetLife has a conflict of interest.

29. Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

30. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 30 above.

34. By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees.

Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against MetLife:

A.   For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B.   Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C.   For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D.   For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 2, 2006

> RIEMER & ASSOCIATES LLC
> Attorneys for Plaintiff
> 60 East 42nd Street, Suite 2430
> New York, New York  10165
> (212) 297-0700
>
> By:_____/s/_____
>        Scott M. Riemer (SR5005)